## PROVIDENCE COUNTY.

---

SIMON S. BUCKLIN *et al. vs.* LYDIA F. CREIGHTON *et als.*

A testator gave property in trust, the income to be paid to his nephew J. during life, the trustees to have full power of management, sale, &c., and power to use the capital if they deemed it necessary for the benefit of J. In case J. attempted to anticipate or alienate the income or in case of bankruptcy, &c., his interest was to cease and the income was to be added to the principal by the trustees. On the death of J. the trustees were to convey the trust property to the heirs at law of J.

*Held,* that the rule in Shelley's case did not apply and that on the death of J. the trustees should be directed to convey to the heirs at law of J. and not to his administrator.

When a testator instead of disposing of the legal title to property so leaves it that the beneficiaries may have to ask the interposition of·a court of equity, the court following the testator's intention shown in the will, will direct a conveyance according to such intention and will disregard the strict rule of law : *e. g.*, the rule of Shelley's case.

*Taylor* v. *Lindsay*, 14 R. I. 518, distinguished from the case at bar.

BILL IN EQUITY for instructions.

Sarah Halsey by her will proven before the Municipal Court of Providence, sitting as a Court of Probate, October 11, 1864, bequeathed certain sums of money to the complainants and to the survivor of them, in trust, with powers of management, to pay the net income to her nephew, James Hamilton Creighton, during his life, and further provided "That the said trustees or their successors may at any time and from time to time when they may deem it to be necessary for the comfortable support and maintenance of my said nephew, whether the necessity arise from sickness or other cause, appropriate from the capital or principal of the trust fund or estate held for his use such a portion thereof for his support as they may think the necessity of the case requires.". A codicil to the will proven with it gave to the trustees full powers to make partition and exchanges, and to mortgage or sell any of the investments of the trust fund, and also provided that "the moneys arising from any such mortgage or sale or received for equality of partition or exchange of said trust estate or so much thereof as said trustees or trustee for the time being may deem expedient, they or he may pay over to or in any manner apply to the support, use or benefit of my said nephew." The will also provided that "upon the decease of my said nephew all the property and estate then holden in trust for his use shall be conveyed to his heirs at law, their heirs and assigns for their own use."

James Hamilton Creighton died July 12, 1888, intestate, leaving a widow but no children. His heirs at law and next of kin were a brother and the children of a deceased brother. The trustees filed this bill to determine the disposition of the residue of the trust funds in their hands at the death of James Hamilton Creighton.

*June* 21, 1893. MATTESON, C. J. This is a bill by trustees

for instructions and for an interpleader between the respondents. The question presented for decision is whether under certain trusts contained in the will of Sarah Halsey, deceased, James Hamilton Creighton, named therein as beneficiary, took an absolute interest in the property held in trust, or a life estate merely, the remainder passing on his decease to his heirs at law.

We are of the opinion that he took a life interest merely. While it is true that the fact that something remains to be done, namely, that a conveyance of the property is to be made by the trustees, does not necessarily take a case out of the operation of the rule in Shelley's case, the law may be regarded as settled that when a testator, instead of passing the legal title by his will, so leaves it that the parties may have to resort to equity to have the benefit of it then, even if the legal operation of the words constituting the trust would convey a fee simple, or fee tail, to the first taker, if there is language in the will showing a different intention, the court will direct the conveyance so as to carry out the intention, and not the strict rule of law. *Angell, Petitioner,* 13 R. I. 630, 632; *Tillinghast & Dailey, Trustees,* v. *Coggeshall & Lippitt, Trustees,* 7 R. I. 383, 392, 393; *Tallman* v. *Wood,* 26 Wend. 9, 18; *Wood* v. *Burnham,* 6 Paige, 513, 518. In the case at bar, though the form of the gifts to the complainants in trust for the use of the *cestui,* with the direction that on his decease all the property and estate then holden in trust for his use shall be conveyed to his heirs at law, their heirs and assigns, for their own use, is such as might bring them within the rule in Shelley's case, yet the intention of the testatrix that he should take a life interest only, instead of an absolute interest, is plainly manifested, and, therefore, the rule is not to be applied.

The estate is given to trustees for his benefit, who are authorized, from time to time, when they may deem it necessary for his comfortable support, whether the necessity come from sickness or other cause, to appropriate from the capital or principal of the trust fund, such portion as they may think the necessity of the case requires for his support. Again, it

is provided that if he shall alienate, or in any manner dispose. of, or anticipate the rents, profits, interest or income, directed to be paid to him, or if by reason of his bankruptcy or insolvency, or other reason, such rents, profits, interest or income can no longer be personally enjoyed by him, but would belong to, or become vested in some other person, that, thereupon, the trust as to such rents, profits, interest or income, shall cease during the rest of his life and they shall be retained by the trustees and added to the principal of the trust estate.

It is clear from these provisions that the purpose of the testatrix was to secure the trust estate for the benefit of the *cestui* during his life and to protect it for his enjoyment, not only against his creditors, but also against himself. This she could accomplish only by securing to him the rents, profits, interest and income, during his life, and providing against his anticipation or alienation of them. If the absolute equitable estate in the trust property had been given to him the clauses authorizing the trustees to apply the principal of the trust fund to his support, if necessity required it, and restricting his anticipation, or alienation, of the income, and providing for its forfeiture in the contingencies specified, would have been useless, or unavailing, since, having the entire equitable estate, he could have compelled a conveyance of the legal estate to himself, or his creditors could have subjected the property in the hands of the trustees to the payment of his debts.

Council for the administratrix relies on *Taylor* v. *Lindsay*, 14 R. I. 518. That was not the case of a will, however, but of a trust deed, in the preamble of which the settlor declared, as his reason for making it, that he had certain real and personal property which he was desirous of having conveyed in trust for the *sole benefit and use of himself*. The deed conveyed the property to the complainant in trust to pay the debts of the grantor out of the income and profits thereof, if sufficient, and if not, from the property, and subject thereto to pay the rents, profits and income to the grantor, or his order, for his benefit, or for his family, &c., and provided

that in case of his decease the trust should terminate and the property remaining in the hands of the trustees should be conveyed as he should by his last will and testament direct, and in default thereof, to his heirs at law. The settlor died intestate. It was held in accordance with the plain intent of the deed that the settlor took an equitable estate in fee in the real estate, and that the personal estate, being conveyed in the same clause, and there being nothing to indicate a different intention in relation to it from that manifested concerning the real estate, that he also took the entire equitable interest in the personal estate, the rule in Shelley's case being applicable by analogy to the grant of the personal estate. Though the mere form of the grant in that case was similar to that of the devise and bequests in the will before us, the cases are very unlike in their other essential features.

We decide that the fund remaining in the hands of the trustees should be paid to the heirs of James Hamilton Creighton, and not to his administratrix, and instruct the complainants accordingly.

*James Tillinghast, William R. Tillinghast & Theodore F. Tillinghast,* for complainants.

*Charles N. Judson & Samuel T. Douglas,* for respondents.